UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RODNEY TRUITTE,

               Plaintiff,

                                                    CASE NO. 2:06-CV-12159
v.                                        HONORABLE GEORGE CARAM STEEH

WILLIE S. COCKRELL, JR., et al.,

               Defendants.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.      Introduction

Before the Court is Plaintiff Rodney Truitte's *pro se* civil rights complaint filed pursuant

to 42 U.S.C. § 1983.  Plaintiff is a state prisoner currently confined at the St. Louis Correctional

Facility in St. Louis, Michigan.  The Court has granted Plaintiff's application to proceed without

prepayment of the filing fee.  *See* 28 U.S.C. § 1915(a).  In his complaint, Plaintiff alleges that a

state court coordinator of court reports, a state magistrate judge a state court administrator, and

unidentified court reporters have violated his due process and equal protection rights by failing

to provide him with a videotape and/or transcript of his 1998 criminal arraignment.  Plaintiff

seeks injunctive relief and monetary damages.  Having reviewed the complaint, the Court

dismisses it as frivolous, for failure to state a claim upon which relief may be granted, and on the

basis of immunity.

II.     Discussion

Plaintiff has been granted *in forma pauperis* status.  Under the Prison Litigation Reform

Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis*

Dockets.Justia.com

complaint before service on a defendant if it determines that the action is frivolous or malicious,

fails to state a claim upon which relief can be granted, or seeks monetary relief against a

defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. §§

1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against

government entities, officers, and employees which it finds to be frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an

arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard"

than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se*

complaint, however, must plead facts sufficient to show a legal wrong has been committed for

which the plaintiff may be granted relief. To state a federal civil rights claim, a plaintiff must

show that: (1) the defendant is a person who acted under color of state or federal law, and (2)

the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg*

*Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir.

1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the

complaint is subject to dismissal.

First, it is well-settled that a claim under § 1983 is an appropriate remedy for a state

prisoner challenging a condition of his imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 499

(1973). In this case, however, Plaintiff is actually seeking habeas corpus relief, inasmuch as his

complaint addresses the validity of his imprisonment. Such claims are not properly brought

under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a

state prisoner does not state a cognizable civil rights claim challenging his conviction or

imprisonment if a ruling on his claim would necessarily render his continuing confinement

invalid, until and unless the reason for his continued confinement has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into

question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254); *see*

*also Thomas v. Pleasant*, 28 Fed. Appx. 436, 437 (6th Cir. 2002).  This holds true regardless of

the relief sought by the plaintiff.  *Heck*, 512 U.S. at 487-89.  To the extent that Plaintiff

challenges the circumstances underlying his continued confinement, his complaint is frivolous

and must be dismissed.

Plaintiff's complaint is also subject to dismissal to the extent that he asserts that the

defendants were negligent in their courthouse duties.  An "injury caused by negligence does not

constitute a deprivation of any constitutionally-protected interest" and a claim that officials have

engaged in negligent conduct does not state a claim under §1983.  *Collins v. City of Harker*

*Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson*

*Co., Tenn.,* 34 F.3d 345, 348 (6th Cir. 1994).  Moreover, any allegation that the defendants were

grossly negligent also fails to state a claim under §1983.  The United States Court of Appeals for

the Sixth Circuit has specifically held that "gross negligence is not actionable under §1983

because it is not arbitrary in the constitutional sense." *Lewellen*, 34 F.3d at 351.  Plaintiff alleges

no facts to show that any of the defendants acted with deliberate indifference or intentionally

caused him injury.  Plaintiff thus fails to state a claim for relief upon which relief may be granted

under § 1983 and his complaint must be dismissed.

Lastly, Plaintiff's claim for monetary damages is subject to dismissal on the basis of

immunity.  A judge performing judicial functions is absolutely immune from a suit seeking

monetary damages.  *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (judge performing judicial

functions is absolutely immune from suit seeking monetary damages even if acting erroneously,

corruptly or in excess of jurisdiction); *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000).

Judicial employees are similarly immune from suit on claims for monetary damages for their

performance of court functions as judicial designees.  *See Bush v. Rauch*, 38 F.3d 842, 847 (6th

Cir. 1994) (court administrator executing court order entitled to absolute immunity); *Foster v.

Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (per curiam) (court clerk who issued erroneous warrant

was immune from suit).  This immunity extends to court reporters.  *See James v. Scavoni*, 229

F.3d 1152, 2000 WL 1206540, *2 (6th Cir. 2000).  Accordingly, Plaintiff's claim for monetary

damages is subject to dismissal on the basis of immunity.

III.    Conclusion

    For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon

which relief may be granted and that defendants are immune from suit on a claim for monetary

damages.  Accordingly, the Court **DISMISSES** Plaintiff's complaint.

    Additionally, the Court concludes that an appeal from this order would be frivolous and

therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v.

Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

        **IT IS SO ORDERED.**


                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

Dated:  May 22, 2006

                        CERTIFICATE OF SERVICE

4

Copies of this Order were served on the attorneys of record on May 22, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk