UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY TRUITTE,

        Plaintiff,

                              CASE NO. 2:06-CV-12159
v.                            HONORABLE GEORGE CARAM STEEH

WILLIE S. COCKRELL, JR., et al.,

        Defendants.
                                       /

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.     Introduction

       Before the Court is Plaintiff Rodney Truitte's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that a state court coordinator of court reports, a state magistrate judge a state court administrator, and unidentified court reporters have violated his due process and equal protection rights by failing to provide him with a videotape and/or transcript of his 1998 criminal arraignment. Plaintiff seeks injunctive relief and monetary damages. Having reviewed the complaint, the Court dismisses it as frivolous, for failure to state a claim upon which relief may be granted, and on the basis of immunity.

II.    Discussion

       Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis*

1

complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. §§ 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

      This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.  To state a federal civil rights claim, a plaintiff must show that:  (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to dismissal.

      First, it is well-settled that a claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  In this case, however, Plaintiff is actually seeking habeas corpus relief, inasmuch as his complaint addresses the validity of his imprisonment.  Such claims are not properly brought under 42 U.S.C. § 1983.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a

state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254); *see also Thomas v. Pleasant*, 28 Fed. Appx. 436, 437 (6th Cir. 2002). This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89. To the extent that Plaintiff challenges the circumstances underlying his continued confinement, his complaint is frivolous and must be dismissed.

Plaintiff's complaint is also subject to dismissal to the extent that he asserts that the defendants were negligent in their courthouse duties. An "injury caused by negligence does not constitute a deprivation of any constitutionally-protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co., Tenn.,* 34 F.3d 345, 348 (6th Cir. 1994). Moreover, any allegation that the defendants were grossly negligent also fails to state a claim under §1983. The United States Court of Appeals for the Sixth Circuit has specifically held that "gross negligence is not actionable under §1983 because it is not arbitrary in the constitutional sense." *Lewellen*, 34 F.3d at 351. Plaintiff alleges no facts to show that any of the defendants acted with deliberate indifference or intentionally caused him injury. Plaintiff thus fails to state a claim for relief upon which relief may be granted under § 1983 and his complaint must be dismissed.

Lastly, Plaintiff's claim for monetary damages is subject to dismissal on the basis of immunity. A judge performing judicial functions is absolutely immune from a suit seeking

3

monetary damages.  *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). Judicial employees are similarly immune from suit on claims for monetary damages for their performance of court functions as judicial designees.  *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (court administrator executing court order entitled to absolute immunity); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (per curiam) (court clerk who issued erroneous warrant was immune from suit).  This immunity extends to court reporters.  *See James v. Scavoni*, 229 F.3d 1152, 2000 WL 1206540, *2 (6th Cir. 2000).  Accordingly, Plaintiff's claim for monetary damages is subject to dismissal on the basis of immunity.

III.     Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted and that defendants are immune from suit on a claim for monetary damages.  Accordingly, the Court **DISMISSES** Plaintiff's complaint.

Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  May 22, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 22, 2006, by electronic and/or ordinary mail.

                                        S/Josephine Chaffee
                                        Secretary/Deputy Clerk